Escalona *v.* Sucesión Castro.

Apelación procedente de la Corte de Distrito de San Juan.

No. 577.—Resuelto en junio 13, 1911.

Aceptación de Herencia—Clases de Aceptación de Herencia.—Según el artí-
culo 964 del Código Civil, la herencia puede ser aceptada pura y simplemente,
o a beneficio de inventario, y según el artículo 965, la aceptación pura y simple
puede ser expresa o tácita, siendo expresa la que se hace en documento público
o privado, y tácita la que se hace por actos que suponen necesariamente la
voluntad de aceptar, o que no habría derecho a ejecutar sino con la cualidad de
heredero, sin que los actos de mera conservación o administración provisional
impliquen la aceptación de la herencia, si con ellos no se ha tomado el título o
la cualidad de heredero.

Id.—Aceptación Pura y Simple de una Manera Tácita—Petición de Nombra-
miento de Administrador Judicial—Intervención en la Administra-
ción.—El acto de pedir un hijo en el juicio testamentario de su padre, que
fuera nombrado un administrador judicial interino para administrar una
casa que constituía el caudal hereditario del padre, y que para el nombra-
miento de administrador definitivo se convocara junta de los interesados en
la herencia, no puede estimarse como aceptación tácita de la herencia de la
madre del peticionario, porque dicha casa no era de la propiedad de su madre,
sino de la sucesión del padre del peticionario, y la circunstancia de que pu-
diera corresponder participación en ella a su madre como legataria de su
esposo, no podría privar a los hijos herederos de éste, de intervenir en la
administración de la referida casa. La intervención en esa administración era
compatible con la no aceptación pura y simple de la herencia de la madre.

Id.—Aceptación Tácita de la Herencia—Declaratoria de Herederos.—El
acto de solicitar un hijo la declaratoria de herederos abintestato de su difunta
madre, para sí y a favor de sus hermanos, no puede estimarse como acepta-

ción tácita de la herencia de la madre, para sí y para sus demás hermanos, pues dicho acto no envuelve gestión en concepto de heredero, y sólo entraña el ejercicio de un derecho personal para obtener la declaratoria de tal heredero. Tal acto sólo es el medio adecuado para adquirir la certeza de ser realmente tal heredero, y sin dicha certeza no puede hacer aceptación pura o condicional de herencia.

ID.—PLAZOS PARA ACEPTAR LA HERENCIA A BENEFICIO DE INVENTARIO.—Según el artículo 980 del Código Civil, el heredero que tenga en su poder los bienes de la herencia o parte de ellos y quiere utilizar el beneficio de inventario, deberá manifestarlo a la corte competente dentro de los 10 días siguientes al en que supiera ser heredero, siempre que resida en el lugar donde hubiere fallecido el causante de la herencia, y si residiere fuera, el plazo será de 30 días.

ID.—Según el artículo 981 del Código Civil, cuando el heredero no tenga en su poder la herencia o parte de ella, ni haya practicado gestión alguna como tal heredero, los plazos expresados se contarán desde el día siguiente al en que expira el plazo que la corte de distrito le hubiere fijado para aceptar o repudiar la herencia, o desde el día en que la hubiere aceptado o hubiera gestionado como heredero.

ID.—Fuera de los casos expresados en los artículos 980 y 981 del Código Civil, previene el artículo 982, que el heredero podrá aceptar a beneficio de inventario, mientras no prescriba la acción para reclamar la herencia, si no se hubiere presentado ninguna demanda contra aquélla.

ID.—ACEPTACIÓN DE HERENCIA A BENEFICIO DE INVENTARIO.—En el caso de autos, no habiéndose probado en el juicio que los demandados hayan tenido en su poder los bienes dejados por su padre, ni que hayan practicado gestiones como herederos del mismo, ni que como tales hayan sido demandados, es de estimar que cuando en 24 de noviembre de 1908, manifestaron los demandados que aceptaban la herencia a beneficio de inventario, lo cual fué luego hecho, estaban en término legal de hacer tal declaración.

ID.—ACEPTACIÓN DE HERENCIA A BENEFICIO DE INVENTARIO—RESPONSABILIDAD DE LOS ACEPTANTES.—En virtud del artículo 989 del Código Civil, el aceptante de una herencia a beneficio de inventario no está obligado a pagar las deudas y demás cargas de la herencia sino hasta donde alcancen los bienes de la misma, los que no se confunden con los bienes particulares del aceptante.

Los hechos están expresados en la opinión.

Abogado de la demandante apelante: *Sr. Eugenio Benítez Castaño.*

Abogado de los demandados apelados: *Sr. Antonio Sarmiento.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 28 de diciembre de 1909 Francisca Camila Escalona produjo demanda ante la Corte de Distrito del Distrito Judicial de San Juan, contra la sucesión de Ana de Castro, y en dicha demanda alega que Ana de Castro falleció en 3 de

julio de 1906, dejando como únicos herederos a Esteban, Ana, Francisco, Mercedes, Alonso y Serafina Escalona y Castro y Rafael Martí de Castro, que son los que componen su sucesión y aceptaron la herencia pura y simplemente; que la demandante era dueña de la décima parte proindivisa de la casa número 50 de la calle de la Luna de esta ciudad, por herencia de su padre Esteban Escalona, muerto en 9 de mayo de 1869; que desde esa fecha hasta 3 de julio de 1906, en que ocurrió el fallecimiento de Doña Ana de Castro, percibió ésta la totalidad de la renta de dicha casa con exclusión absoluta de la demandante, obrando así como representante legal de sus hijos los demandados, mientras fueron éstos menores de edad, y después por acuerdo de la mayoría de los partícipes en la finca, siempre sin el consentimiento y contra la voluntad de la demandante respecto de la parte que a ésta correspondía; que desde 3 de julio de 1906 hasta 21 de diciembre de 1908 en que fué sacada a pública subasta la casa, la administró y percibió sus alquileres el demandado Alonso Escalona por acuerdo de la mayoría de los partícipes y contra la voluntad de la demandante, sin darle participación en las rentas producidas, a pesar de los requerimientos que con tal objeto le fueron hechos por la demandante y su abogado; y que la casa siempre produjo o debió producir medianta una buena administración, la cantidad de ciento cuarenta dollars mensuales, estimando el valor de la décima parte de los alquileres producidos por la finca desde 9 de mayo de 1869 hasta 3 de julio de 1906, en la suma de cuatro mil dollars, y el de los devengados desde la última fecha indicada a 21 de diciembre de 1908, en 320 dollars, ambas cantidades líquidas.

La demanda concluye con la súplica de que se dicte sentencia condenando a los demandados a satisfacer a la demandante cuatro mil dollars por el concepto antes indicado, ya en su carácter de herederos de Ana de Castro, ya como responsables por sí, y al demandado Alonso Escalona a satisfacerle individualmente o en unión de los otros demandados, la suma

de trescientos dollars por el concepto también ya indicado, con las costas a los demandados.

Al contestar la demanda aceptaron los demandados que Ana de Castro falleció en esta ciudad el 3 de julio de 1906; dejando como únicos herederos a los demandados; que Esteban Escalona había fallecido en 9 de mayo de 1869; que la finca fué sacada a pública subasta en 21 de diciembre de 1908; y que hasta esa fecha  desde 3 de julio de 1906, la administró, y percibió sus alquileres el demandado Alonso Escalona, sin dar participación a la demandante en las rentas producidas y sin que la administración  le fuera conferida por la mayoría de los condueños.

Los demandados niegan los demás hechos expuestos en la demanda, y como materia nueva alegan:

1. Que aceptaron a beneficio de inventario la herencia de Ana de Castro, cuya testamentaría no está terminada.

2. Que la demandante solo era legataria de su padre natural Esteban Escalona en la mitad del quinto de la herencia de éste, y por tanto, no tenía propiedad, ni condominio sobre parte alguna concreta de los bienes hereditarios, sino derecho a la décima parte del valor de éstos y de sus productos, deducidos los gravámenes que sobre ellos pesaran y los gastos de administración, siendo ese derecho el que tenía la demandante sobre la casa número 50 de la calle de la Luna.

3. Que Ana de Castro administró el caudal hereditario de Esteban Escalona, y por tanto, la casa de que se trata, como albacea testamentario del mismo, con facultades administrativas, desde el fallecimiento de Escalona hasta el suyo propio, sin más interrupción que desde 14 de enero de 1876 a 30 de junio de 1880, en que para pago de rentas de un censo, fué entregada la administración de la mayor parte de la casa al Municipio de San Juan, el que la llevó a cabo por medio de Heraclio Cordero, padre político de la demandante.

4. Que muerta Ana de Castro, se solicitó por uno de los interesados en la testamentaría de Esteban Escalona, la convocatoria de una junta para la designación de administra-

dor, y mientras se hacía ese nombramiento, asumió espontá-
neamente tal cargo Alonso Escalona, uno de los interesados
en la testamentaría de Esteban Escalona.

5. Que para estimar los productos de la casa, además de
los gastos de reparaciones, contribuciones y demás consi-
guientes a una finca urbana, debe tenerse en cuenta que sobre
aquélla pesa un censo de cuatro mil cuatrocientos noventa y
cuatro pesos 28 centavos, moneda española, con interés del
9 por ciento anual, y un crédito hipotecario de mil quinien-
tos pesos oro español al 1½ por ciento mensual.

6. Que el demandado Alonso Escalona se ha mostrado
siempre dispuesto a entregar la parte que a la demandante
corresponda en el producto de la administración de la casa,
y al efecto al único requerimiento que con ese fin le fué hecho,
contestó presentando las cuentas de su administración, que
todavía no le han sido devueltas.

Los demandados concluyen con la súplica de que se dicte
sentencia decretando:

1°. Que no ha lugar a la reclamación que se hace a los
demandados como responsables por sí, tanto de los cuatro
mil dollars de productos durante la administración de Ana
de Castro, como de los trescientos veinte dollars durante la
administración de Alonso Escalona.

2°. Que los demandados como herederos a beneficio de
inventario, de su madre Ana de Castro, satisfagan a la de-
mandante con los bienes que les sean adjudicados, después
de liquidada la herencia, la décima parte del producto de la
casa número 50 de la calle de la Luna de esta ciudad, du-
rante el tiempo que por la misma fué administrada, con de-
ducción de los gastos de administración, reparación, contri-
buciones e intereses de la cargas que sobre ella pesan.

3°. Que la demandante debe pagar las costas del juicio.

La demandante enmendó y adicionó la primera alegación
de su demanda en el sentido de que los demandados acepta-
ron pura y simplemente la herencia de Ana de Castro, pues
si bien presentaron un escrito a la corte de San Juan en 23

de noviembre de 1908 manifestando que aceptaban la herencia de su madre a beneficio de inventario, anteriormente, con fecha 4 de marzo del mismo año, habían solicitado de dicha corte la declaración de herederos abintestato, que el tribunal acordó por orden de 1º. de abril siguiente, ampliándola a Rafael Martí como hijo natural, en 29 del propio mes, por lo que habían transcurrido desde la fecha en que conocieron su carácter de herederos, hasta que manifestaron aceptar la herencia a beneficio de inventario, siete meses aproximadamente.

Celebrado el juicio, la corte dictó sentencia que copiada a la letra dice así:

"Habiendo sido llamado este pleito por ver, digo, para verse por su orden de señalamiento y comparecido las partes demandantes y demandadas por sus respectivos abogados anunciando estar preparadas para el juicio, después de leer sus alegaciones enmendadas y practicar sus pruebas, sometieron el caso a la corte por medio de argumentación escrita. Y la corte tomando en consideración dichas alegaciones, pruebas y argumentaciones, y por los motivos que aparecen de la opinión que ha redactado, decide que los hechos y la ley están en parte a favor de los demandados, en la forma que explican los pronunciamientos siguientes: 1º. Se declara que Doña Ana de Castro era responsable a la demandante de la cantidad de 4,000 dollars por su participación de una décima parte en las rentas de la casa número 50 de la calle de la Luna en esta ciudad, dejada por Don Esteban Escalona. 2º. Se declara asimismo que de dicha deuda son responsables los demandados, herederos de Doña Ana de Castro, por haber la herencia a beneficio de inventario, solamente con los bienes inventariados de dicha herencia, y no están obligados a responder con sus bienes particulares. 3º. Que Don Alonso Escalona y Castro, uno de los herederos, es además responsable a la demandante individualmente de la cantidad de 406 dollars, que es en deberle también por la décima parte de los productos de dicha casa durante el período que provisionalmente los administró, comprendido desde el mes de julio de 1906 a 21 de diciembre de 1908. 4º. Que las costas deben ser pagadas por cada parte, excepto con respecto a Don Alonso Escalona y Castro, que deberá pagar a la demandante la mitad de las costas en que haya incurrido en este pleito. El secretario anotará esta sentencia y librará orden de ejecución para su cumplimiento. Dado en corte abierta hoy 30 de marzo de 1910. (Fir-

mado) Pedro de Aldrey, Juez de la Sección 1ª. Certifico: (Firmado) A. Marín, Secretario. Registrada en 1 de abril de 1910.''

Contra esa sentencia han interpuesto ambas partes, demandante y demandada, recurso de apelación para ante esta Corte Suprema.

Funda la parte demandante su recurso, en que los demandados no han podido aceptar la herencia de Ana de Castro a beneficio de inventario, toda vez que estaban en posesión de ella, y habían dejado transcurrir el término legal que fija el artículo 980 del Código Civil para disfrutar de aquel beneficio, y en que aun cuando no hubieran estado en posesión de los bienes de la herencia o parte de ellos, desde el instante mismo en que solicitaron la declaratoria de herederos sin expresar que aceptaban la herencia a beneficio de inventario, practicaron gestiones como tales herederos, y empezó a correrles desde que se hizo la declaratoria a su favor, el plazo legal que señala el artículo citado, por lo que habiendo ejercitado tardíamente el derecho de aceptar la herencia a beneficio de inventario, son responsables no sólo con los bienes de la herencia de Ana de Castro, sino también con los suyos propios, al pago de la suma de cuatro mil dollars a que vienen condenados por sentencia.

La parte demandada funda su recurso en que faltando base para valorar la participación de la demandante en la renta de la casa, es imposible determinar esa participación, habiéndose cometido, por tanto, error al fijarla en la suma de cuatro mil dollars por el tiempo en que administró la casa Ana de Castro, como también se cometió error por la misma razón al fijar en 406 pesos la responsabilidad de Alonso Escalona durante el tiempo que duró su administración, responsabilidad que tampoco es exigible en cuanto al Alonso, mientras no se apruebe la cuenta que tiene presentada, en armonía con los artículos 1622 y 1789 y siguientes del Código Civil.

Con relación al recurso interpuesto por la parte deman-

dante, son de consignarse para la mejor apreciación de los motivos en que se funda, los siguientes hechos probados en el juicio:

1°. Que muerta Ana de Castro en 3 de julio de 1906, Esteban Escalona de Castro, su hijo, presentó escrito en 30 del mismo julio a la Corte de Distrito de San Juan, en el juicio voluntario de testamentaría de Esteban Escalona, solicitando se nombrara desde luego un administrador judicial interino que se encargara de la casa número 50, de la calle de la Luna de esta ciudad, hasta que se hiciera el nombramiento de administrador definitivo, a cuyo fin fueran citados a una junta los interesados en la herencia de Esteban Escalona, sin que conste que sobre tal pretensión se dictara orden o resolución alguna.

2°. Que Esteban Escalona de Castro, promovió expediente ante la Corte de Distrito de San Juan, en 4 de marzo de 1908, sobre declaratoria de herederos de Ana de Castro, y en dicho expediente fueron declarados herederos abintestato de la finada su hijos los demandados.

3°. Que todos los herederos declarados de Ana de Castro presentaron escrito a la misma corte en 24 de noviembre del año citado 1908, manifestando que aceptaban la herencia de Ana de Castro a beneficio de inventario, y al efecto estaban dispuestos a cumplir con el precepto del artículo 979 del Código Civil, a cuyo escrito recayó orden, por la que la corte declaró aceptada por los promoventes la herencia intestada de Ana de Castro a beneficio de inventario, que había de formarse con los requisitos que en dicha orden se expresan, como así lo hicieron los interesados, presentando en 14 de abril de 1909, un inventario comprensivo de los bienes de la herencia de Ana de Castro, que representan el montante líquido de $835.65, cuyo inventario fué agregado al expediente de su razón.

Ante esos hechos cabe preguntar.

¿Habían aceptado pura y simplemente los demandados la herencia de su difunta madre Ana de Castro, cuando en 24

de noviembre del año 1908 acudieron a la Corte de Distrito
de San Juan, declarando que aceptaban dicha herencia a bene-
ficio de inventario?

Según el artículo 964 del Código Civil, la herencia puede
ser aceptada pura y simplemente, o a beneficio de inven-
tario, y según el artículo 965 la aceptación pura y simple
puede ser expresa o tácita, siendo expresa la que se hace en
documento público o privado, y tácita la que se hace por ac-
tos que suponen necesariamente la voluntad de aceptar, o que
no habría derecho a ejecutar sino con la cualidad de heredero,
sin que los actos de mera conservación o administración pro-
visional impliquen la aceptación de la herencia, si con ellos
no se ha tomado el título o la cualidad de heredero.

No ha venido al juicio documento público o privado, ex-
presivo de la aceptación de la herencia de Doña Ana de Cas-
tro por los demandados, y por tanto, no puede sostenerse que
la aceptaran expresamente.

Tampoco han ejecutado los demandados actos inductivos
de que dicha herencia, ya que no de una manera expresa,
fué aceptada pura y simplemente de una manera tácita.

El acto de pedir Esteban Escalona en el juicio testamen-
tario de su padre del mismo nombre y apellido, que fuera
nombrado un administrador judicial interino que se encargara
de la casa número 50 de la calle de la Luna, de esta ciudad,
que constituía el caudal hereditario del finado, y que para el
nombramiento de administrador definitivo se convocara jun-
ta de los interesados en la herencia, no puede estimarse como
aceptación tácita de la herencia de Ana de Castro, porque
dicha casa no era de la propiedad de ésta, sino de la sucesión
de Esteban Escalona, y la circunstancia de que pudiera co-
rresponder participación en ella a Ana de Castro como lega-
taria de Esteban Escalona, no podía privar a los hijos here-
deros de éste de intervenir en la administración de la referida
casa.

La intervención en esa administración era compatible con

la no aceptación pura y simple de la herencia de Ana de Castro.

Al solicitar Esteban Escalona la declaratoria de herederos abintestato de su difunta madre, hecha a favor del mismo y de sus hermanos, no puede decirse que aceptara para sí y para sus demás hermanos pura y simplemente la herencia de su madre Doña Ana de Castro, pues aquel acto no envuelve gestión en concepto de heredero, y sólo entraña el ejercicio de un derecho personal para obtener la declaratoria de tal heredero. Sin la certeza de la calidad de heredero, no puede haber aceptación pura o condicional de herencia.

Consecuente con esta doctrina, declaró el tribunal contencioso administrativo de España en sentencia de 8 de junio de 1901, que el hecho de solicitar una persona la declaración de ser heredero, no implica aceptación de herencia, sino solo medio adecuado para adquirir la certeza de ser realmente tal heredero.

Ahora bien, una vez conocida por los herederos su cualidad de tales, tienen éstos distintos plazos para ejercitar su derecho de aceptar la herencia a beneficio de inventario, y esos términos varían según las circunstancias del caso con arreglo a los artículos 980, 981 y 982 del Código Civil.

Según el primero de dichos artículos, el heredero que tenga en su poder los bienes de la herencia o parte de ellos y quiere utilizar el beneficio de inventario, deberá manifestarlo a la corte competente dentro de los diez días siguientes al en que supiere ser heredero, siempre que resida en el lugar donde hubiere fallecido el causante de la herencia, y si residiere fuera, el plazo será de treinta días. Mas, según el artículo 981, cuando el heredero no tenga en su poder la herencia o parte de ella, ni haya practicado gestión alguna como tal heredero, los plazos expresados se contarán desde el día siguiente al en que expire el plazo que la corte de distrito le hubiere fijado para aceptar o repudiar la herencia, o desde el día en que la hubiere aceptado o hubiera gestionado como heredero.

Fuera de los casos expresados, previene el artículo 982, que el heredero podrá aceptar a beneficio de inventario, mientras no prescriba la acción para reclamar la herencia, si no se hubiere presentado ninguna demanda contra aquél.

No se ha probado en el juicio que los demandados hayan tenido en su poder los bienes dejados por Ana de Castro, ni que hayan practicado gestiones como herederos de la misma, ni que como herederos de Ana de Castro se haya presentado demanda contra ellos; y por tanto tenemos que llegar a la conclusión, de que cuando en 24 de noviembre de 1908 manifestaron los demandados que aceptaban la herencia a beneficio de inventario, el cual fué luego hecho, estaban en término legal de hacer tal declaración, y ésta tiene que surtir, por tanto, sus efectos legales, que son los determinados en el artículo 989 del Código Civil.

En virtud de ese artículo los demandados no están obligados a pagar las deudas y demás cargas de la herencia de Doña Ana de Castro, sino hasta donde alcancen los bienes de la misma, los que no se confunden con los particulares de aquéllos, respondiendo por tanto, los herederos de Ana de Castro de las obligaciones de ésta con los bienes que la misma dejó y figuran en el inventario.

En cuanto al recurso interpuesto por los demandados, la prueba testifical demostró, y así lo apreció la corte inferior en la opinión que sirve de fundamento a la sentencia recurrida, que la casa número 50 de la calle de la Luna de esta ciudad, ha debido producir $140 mensuales; y como la parte demandada no ha justificado que fuera excesiva aquella suma, presentando cuenta al menos aproximada de la administración de dicha casa, nos vemos precisados a tomar por base aquella partida, al efecto de determinar las responsabilidades administrativas de Ana de Castro y Alonso Escalona.

Respecto del último, ocurre la circunstancia especial de que, habiendo sido requerido por el abogado Eugenio Benítez Castaño, a nombre de la demandante, para que le pagara la participación que le correspondía en las rentas producidas

por la casa durante el tiempo que la había administrado, remitió dicho Alonso Escalona al mencionado abogado cuentas de la administración de la casa, desde 1 de agosto de 1906 a 31 de diciembre de 1908, con un saldo a favor de la Sucesión Escalona por $183.88, cuentas que no fueron aceptadas por Ana de Castro y que Alonso Escalona no se cuidó de aportar al juicio, para que fueran examinadas y discutidas.

Por las razones expuestas, procede que se confirme en todas sus partes la sentencia apelada que dictó la Corte de Distrito de San Juan en 30 de marzo del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Asociados, Sres. MacLeary y Aldrey, no tomaron parte en la resolución de este caso.