CARMEN NADAL VIUDA DE DEL MORAL, demandante-apelante, *v.* EURICO RAMÓN, ALICE MARÍA, JOSEFA ANTONIA, JULIO TOMÁS y HOMERO DARÍO BEAUCHAMPS Y BEAUCHAMPS, e ISABEL ANTONIA BEAUCHAMPS que componen la Sucesión legítima de RAMÓN EMILIO BEAUCHAMPS, demandados y apelados.

No. 4327. *Sometido:* Febrero 14, 1929.—*Resuelto:* Marzo 12, 1929.

*José Sabater,* abogado de la apelante; *Benet & Souffront,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Don Ricardo A. Gómez era dueño de la hacienda "Carmen" en el Barrio de Anones, término municipal de Las Marías. Sobre esa finca pesaban dos gravámenes hipotecarios: uno a favor de The Union Central Life Insurance Company, por $13,390.25 y otro a favor de Doña Carmen Nadal, originalmente por $2,500 y en la fecha a que se refiere la demanda en este caso, por $2,200, por haberse cancelado un plazo de la obligación garantizada por la hipoteca, cuya obligación se hallaba dividida en ocho plazos anuales de $300 cada uno; y se había constituido por escritura pública de 10 de septiembre de 1919.

En 9 de agosto de 1921, y por medio de escritura pública, vendió Don Ricardo A. Goméz a Don Ramón E. Beauchamps la citada hacienda "Carmen", en precio de $15,958.09, de los que el comprador le entregó $367.84, y el balance quedó en poder del mismo comprador para atender al pago de las hipotecas antes citadas.

Falleció en 13 de mayo de 1925 Don Ramón E. Beauchamps; y en 29 de mayo del mismo año la corte de distrito de Mayagüez declaró a Eurico Ramón, Alice María, Josefa Antonia, Julio Tomás y Homero Darío, Beauchamps y Beauchamps todos ellos, y a Isabel Antonia Beauchamps, ésta como viuda y aquéllos como hijos legítimos del fenecido, herederos ab-intestato del mismo.

Vencidos los plazos que correspondían a los años 1921,

1922, 1923, 1924 y 1925 de la obligación hipotecaria a favor de Doña Carmen Nadal, sin que fueran total ni parcialmente satisfechos, esta señora presentó ante la Corte de Distrito de Mayagüez, una demanda en cobro de capital e intereses adeudados; siendo los demandados expresados viuda e hijos de Don Ramón E. Beauchamps. La demanda tiene fecha 31 de octubre de 1925.

En la contestación los demandados admiten los hechos alegados en la demanda; pero Josefa Antonia Beauchamps y Eurico Ramón Beauchamps, alegan como defensa especial que ellos repudiaron expresa y judicialmente la herencia de su padre Ramón E. Beauchamps, y piden que no les afecte sentencia alguna que en el pleito se pueda dictar.

En el juicio se probó que los dichos demandados Josefa Antonia y Eurico Beauchamps, en 10 de noviembre de 1925 habían comparecido en el expediente de declaratoria de herederos de su padre Ramón E. Beauchamps, repudiando la herencia del mismo.

La Corte de Distrito de Mayagüez dictó sentencia en este pleito, condenando a los demandados Alice María, Julio Tomás, Homero Darío e Isabel Antonia Beauchamps, a pagar la suma reclamada por la demandante; y declarando sin lugar la demanda en cuanto a Eurico Ramón y Josefa Beauchamps y Beauchamps; y condenando a la demandante al pago de las costas de estos demandados.

Contra esa sentencia se ha interpuesto la presente apelación.

El primer señalamiento de error es así:

"I. La Corte inferior erró al absolver de la demanda a los herederos Josefa Antonia y Eurico Ramón Beauchamps y declarar que no quedan responsables por haber repudiado la herencia de su causante."

Hemos leído los razonamientos que por la apelante se presentan para argumentar este señalamiento de error, y diferimos radicalmente de su manera de apreciar el pro-

blema. Como la misma, parte apelante conoce, el Código Civil no ha señalado plazo alguno para la repudiación de la herencia, salvo el caso en que los acreedores soliciten que el juez señale término para que los herederos manifiesten si aceptan o repudian. Ni este caso, ni ninguno de los de aceptación presunta, se ha dado en este pleito. Los herederos estaban en el derecho de repudiar la herencia cuando lo hicieron. (Véanse los artículos 955, 965, 966, 967, 968, 969, 970, 971, Código Civil de Puerto Rico.) La repudiación por parte de los dos citados herederos está bien hecha en derecho, y produce, entre otros, el efecto que le dió la corte en la sentencia apelada. El caso que se nos cita *Escalona* v. *Sucn. Castro*, 17 D.P.R. 774, sostiene la teoría en que se funda la sentencia apelada.

Como segundo error se señala el haber condenado la corte a la demandante al pago de las costas.

Si notamos que la demanda se presentó el 31 de octubre de 1925, y que los demandados Enrico Ramón y Josefa Antonia Beauchamps, repudiaron la herencia paterna en 10 de noviembre del mismo año, tiene que parecernos dudosa la temeridad de la demandante; máxime cuando ha basado su demanda en hechos ciertos y positivos, y ha pedido el cumplimiento de una obligación verdadera. Si la situación de dos de los demandados varió, ello ocurrió después de la demanda, y por obra de los mismos demandados. La condena de costas no está justificada. El error está bien señalado.

Debe modificarse la sentencia, en el sentido de *revocar el pronunciamiento de costas, confirmándola en lo demás.*