JAIME MIRÓ BARNECET, demandante y apelado, v. F. CARRERA & HERMANO, demandada y apelante.

No. 5443.—*Sometido:* Abril 22, 1931. *Resuelto:* Abril 29, 1931.

*O. Souffront,* abogado de la apelante; *E. Báez García,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

 Jaime Miró Barnecet y su esposa construyeron una casita y vivieron en ella durante varios años después de su matrimonio. La casa valía poco menos de quinientos dólares. El terreno donde radicaba estaba arrendado.

Después de padecer durante varias semanas de un ataque de malaria, Miró, siguiendo los consejos de su médico, alquiló otra casa y arrendó la suya a un tal Efret. Dos meses después regresó a su hogar, donde continuó viviendo con su familia.

Durante la ausencia temporal de Miró y pocos días antes de su regreso, F. Carrera y Hermano instituyó un procedimiento en cobro de una cuenta por provisiones suministradas, y embargó la casa. Cuando el emplazamiento y la orden de embargo fueron notificados a Miró, éste vivía nuevamente en su propia casa, la que había sido desocupada por Efret. Posteriormente, Miró entabló este procedimiento para establecer su derecho a que se le exentara de ejecución, de conformidad con la Ley del Hogar Seguro, y obtuvo sentencia a su favor.

La sección 1ª. de la Ley de Hogar Seguro (Estatutos Revisados, sección 1000) lee así:

"Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead*, hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia; y dicho *homestead* y todo derecho o título sobre el mismo estará exento de embargo, sentencia, exacción o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece; *Disponiéndose,* que en caso de arrendamiento u otro contrato análogo nada de lo contenido en esta ley se interpretará en el sentido de que se prohiba al dueño o propietario de dicha estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, entrar de nuevo en posesión de dicha propiedad de acuerdo con lo estipulado en dicho contrato de arrendamiento o convenio, al faltarse al cumplimiento de las condiciones del mismo.''

El hecho de que la casa en cuestión estuviese enclavada en terrenos arrendados no privaba a la propiedad de su naturaleza de hogar seguro. El inquilinato (*leasehold*), así como la casa, estaban exentos. Ni la ausencia involuntaria de Miró por un período de dos meses a fin de recuperar su salud, ni el arrendamiento de su hogar durante ese tiempo, equivalían a un abandono. Su intención de regresar fué demostrada suficientemente por el motivo de su mudanza, por la corta duración de su ausencia y por el hecho de haber regresado antes de tener conocimiento real del pleito radicado contra él.

No hubo abuso de discreción al conceder las costas al demandante. El caso de *Nadal* v. *Beauchamps,* 39 D.P.R. 292, en que se basa la apelante, no es aplicable.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf no intervino.