Antonio Pagán Silva, demandante apelante, *v.* Josefa Padín Tirado y José Cardona, demandados apelados.

No. 6139.—*Sometido:* Mayo 23, 1933. *Resuelto:* Mayo 31, 1933.

*Isaías M. Crespo,* abogado del apelante; *A. Reyes Delgado,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Es ésta una acción de desahucio en precario incoada por Antonio Pagán Silva contra Josefa Padín Tirado y José Cardona. Alega el demandante que los demandados le adeudaban cierta cantidad de dinero para el cobro de la cual interpuso acción ante la Corte Municipal de Arecibo, que resolvió la misma a favor del demandante y para ejecutar dicha sentencia se sacó a pública subasta una finca urbana perteneciente a los demandados, que le fué adjudicada al demandante y que los demandados se niegan a desalojar a pesar de no pagar canon o merced alguna al demandante por su ocupación.

Aceptaron los demandados todas las alegaciones de la demanda y alegaron como defensa especial tener constituído su hogar seguro en la finca de referencia, al cual no han renunciado. Los demandados han aceptado el otorgamiento de un pagaré a favor del demandante por la cantidad de $55. Al dorso de este documento la deudora principal, Josefa Padín Tirado, esposa del otro demandado José Cardona,

con el consentimiento de éste, dió en garantia la finca urbana de su propiedad, que luego se adjudicó al demandante y que es objeto de la presente acción de desahucio. Esta finca se valoró en $400, comprometiéndose su dueña a no enajenarla ni gravarla mientras estuviera vigente la obligación contraída. La Corte de Distrito de Arecibo dictó sentencia declarando con lugar el desahucio condicionalmente, y condenando a los demandados al desalojo de la finca mencionada, siempre que el demandante reconozca el derecho de hogar seguro que en dicha casa tienen los demandados. Apeló el demandante de esta sentencia, atribuyendo a la corte el error de reconocer un derecho de hogar seguro a favor de los demandados, quienes, a juicio del demandante, renunciaron el derecho de *"homestead"* a favor del mismo al consignar tal renuncia de modo expreso en el pagaré suscrito por ambos y al estipular en la garantía otorgada bajo juramento que la casa objeto del litigio respondería de la deuda, obligándose a no enajenarla ni gravarla en tanto estuviese en vigor la obligación contraída.

■■ En el pagaré, suscrito ante notario por los demandados, éstos declaran que renuncian los derechos y beneficios que les conceden el artículo 249 del Código de Enjuiciamiento Civil y los relacionados con el hogar seguro (*homestead*) así como los de notificación y demás leyes que puedan favorecerles. Esta declaración aparece hecha separadamente por cada uno de los esposos demandados.

El artículo tercero de la ley para definir el *"homestead"* u hogar seguro y para exentarlo de una venta forzosa dice que no será válida ninguna renuncia o traspaso de una finca así exentada, a menos que se consigne expresamente en la escritura de traspaso por dicho jefe de familia, etc. En inglés se usa la palabra *"conveyance"* y se dice que la renuncia al *"homestead"* no será válida a menos que no lo disponga expresamente *"the instrument of conveyance"*. Las palabras de la ley revelan claramente su propósito. Cuando se transmite una propiedad no se entiende renunciado por el dueño

su derecho al hogar seguro, a menos que se renuncie expresamente este derecho en el documento de transmisión. No se dice que este documento deba ser una escritura pública otorgada ante notario. Es verdad que los actos y contratos que tengan por objeto la creación, transmisión, modificación o extinción de derechos reales o bienes inmuebles deberán constar en documento público, pero la falta de este documento no afecta la validez del contrato, puesto que las partes pueden compelerse recíprocamente a cumplir con la formalidad de la escritura, cuando han intervenido todos los requisitos necesarios para la validez del contrato que es obligatorio entre las partes. La palabra *"conveyance"* que usa el texto inglés equivale a trasmisión por escrito de propiedad o título a propiedad inmueble de una persona a otra. El hecho de que no se considere válida ninguna renuncia o traspaso a menos que se haga constar expresamente en el documento de traspaso, no quiere decir que no pueda consignarse esta renuncia por escrito, cuando no se trate del otorgamiento de un documento de traspaso. Cuando realmente se esté realizando un acto de trasmisión, la ley requiere una renuncia expresa en el documento donde se consigne dicha trasmisión para que se considere abandonado el derecho de hogar seguro; pero cuando no se trate de un traspaso, si se consigna por escrito expresamente esta renuncia, los propósitos del estatuto han quedado cumplidos y debe acatarse y respetarse lo convenido por las partes.

En el presente caso el demandante facilitó a los demandados una cantidad en calidad de préstamo. Se otorgó un pagaré ante notario y en este documento ambos demandados hicieron constar que renunciaban a los derechos relacionados con el hogar seguro (*homestead*). Es posible que el demandante no hubiese facilitado su dinero si no se le hubiese ofrecido la garantía de la casa, con la renuncia expresa de los derechos de hogar seguro. Los demandados están impedidos de alegar y sostener que no han renunciado esos derechos, después de haberlo consignado así expresamente en

un documento que está reconocido por ellos y autenticado por un notario. En el acto del juicio el demandante hizo saber a la corte que ofreció a los demandados una propiedad de menor valor para que constituyeran su hogar seguro. La corte inferior dice en su opinión que éste es un reconocimiento implícito del demandante del derecho de los demandados. No lo entendemos así nosotros. Los demandados renunciaron a su derecho de hogar seguro en un pagaré a cuyo dorso aparece descrita la finca dada en garantía del préstamo por la demandada Josefa Padín Tirado. El hecho de que el demandante haya ofrecido a los demandados una propiedad de menor valor para que constituyan su hogar no implica, a nuestro juicio, una renuncia a su derecho de obtener el inmueble que sirvió de garantía al préstamo, sin quedar obligado a reconocer en dicho inmueble a los demandados el derecho de hogar seguro que reclama.

*Debe revocarse la sentencia apelada y dictarse otra en su lugar condenando a los demandados al desalojo de la finca que se describe en la demanda, sin especial condenación de costas.*