JUAN PEDRO SMITH, conocido por JUAN PEDRO ARROYO, demandante y apelante, *v.* JUAN NEGRÓN CAYOL, demandado y apelado.

Núm. 8199.—*Sometido:* Junio 10, 1940. *Resuelto:* Junio 14, 1940.

*José Soto Rivera,* abogado del apelante; *R. Cuevas Zequeira,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso, por ser frívolo. La parte apelante se opuso por escrito. A la vista de la moción sólo compareció la apelada.

En la demanda se pide que se dicte sentencia decretando que el demandante tiene constituído su hogar seguro en cierta casa enclavada en solar situado en Santurce, San Juan, P. R., de cuyo derecho no puede ser privado hasta que el demandado le pague la suma de quinientos dólares. Se alega en ella que el demandante es dueño de la indicada casa que retiene como su única residencia y que fué vendida al demandado por el Márshal de la Corte de Distrito de San Juan en el procedimiento ejecutivo hipotecario seguido por él contra el demandante en dicha corte, radicando el demandante ante el márshal solicitud escrita y jurada de que se separara la suma de quinientos dólares para garantizar su reclamación, suma que no fué separada porque el comprador no satisfizo cantidad alguna en metálico.

En su contestación negó el demandado que el demandante fuera dueño de la casa en cuestión; que residiera en

ella y que tuviera en ella constituído su hogar seguro. En contrario alegó que la casa le pertenece por adjudicación en pago de deuda; que estuvo y está arrendada desde hace años a Luis Diez que en ella vive; que ha consignado en la oficina del márshal quinientos dólares para responder de la reclamación en caso de que fuera declarada legítima; que la reclamación del demandante al márshal al tiempo de la subasta se hizo de mala fe a sabiendas de que no tenía derecho a hogar seguro alguno en la casa subastada por cuanto ni él ni su esposa residían en ella y la tenían arrendada a Luis Diez lucrándose de las rentas y porque él y su esposa por escritura pública renunciaron expresamente dicho derecho sobre la dicha finca.

Fué el pleito a juicio y la corte declaró probados los siguientes hechos:

"Que el día 1°. de septiembre de 1933, el demandante Juan Pedro Smith, conocido por Juan Pedro Arroyo, y su esposa, tomó a préstamo del demandado, Juan Negrón Cayol, la suma de $2,680 por el término de un año y como garantía de dicho préstamo y sus intereses constituyó hipoteca voluntaria a favor del demandado, sobre la finca que se describe en la demanda.... que la cláusula quinta de dicha escritura dice, en parte, así:

" 'Don Juan Pedro Smith, conocido por Juan Pedro Arroyo, y su esposa doña Carmen Landrón, renuncian expresamente al derecho de hogar seguro (*homestead*) que pudiera corresponderles.'

"Que por escritura Núm. 3, otorgada entre las mismas partes el día 15 de febrero de 1935, ante el mismo notario, la hipoteca antes mencionada fué ampliada a la suma de $3,000 y el préstamo fué prorrogado por un año a vencer el día 15 de febrero de 1936; que en esta última escritura se hizo una renuncia del derecho de hogar seguro por el demandante y su esposa, en la misma forma que en la anterior,....

"Se ha probado, además, que vencido y no pagado el crédito hipotecario, el aquí demandado inició la acción ejecutiva sumaria correspondiente, la que siguió su trámite hasta la subasta y adjudicación de la propiedad hipotecada al aquí demandado.

"Se ha probado, además, que el aquí demandante,...y su familia, desde hace más de ocho años o sea desde mucho antes de constituirse la hipoteca y al momento de ejecutarse ésta, no vivían en la casa

de su propiedad sino que la tenían alquilada, alegándose por el demandante que no residía en ella con su familia por motivos de salud.''

Y seguidamente dice:

''Dos son las cuestiones sometidas por el demandado para sostener su moción de *nonsuit:* primera, que el demandante no tiene derecho a reclamar el hogar seguro sobre una propiedad en la que desde hace más de ocho años no reside; segunda, que el demandante y su esposa hicieron renuncia expresa de su derecho al hogar seguro en las dos escrituras de hipoteca, supra.

''La Sección 1ª. de la Ley sobre hogar seguro (*homestead*)˙de 1936, supra, dispone lo siguiente:

'' 'Sección 1.—Toda persona que sea jefe de familia tendrá derecho a poseer y disfrutar, en concepto de hogar seguro (*homestead*) una finca cuyo valor no exceda de quinientos (500) dólares consistente en un predio de terreno y los edificios enclavados en el mismo, de cualquier estancia, plantación o predio de terreno, que le pertenezca o posea legalmente, *y estuviere ocupada por ella o por su familia como su residencia.* Este derecho de *homestead* es irrenunciable y cualquier pacto en contrario se declara nulo.' (Bastardillas nuestras.)

''Sostiene el demandante que no es requisito legal del que reclama el derecho de hogar seguro el residir en la finca debido a que la ley en la sección 5ª. dice así:

'' 'Sección 5.—No se hará venta alguna˙por virtud de sentencia o ejecución de ninguna finca urbana o rústica *cuando se reclamare u ocupare* la misma como hogar seguro (*homestead*) inscrita o no en el registro de la propiedad, a menos que se obtenga por ella una suma mayor de quinientos (500) dólares.' (Bastardillas nuestras.)

''Además sostiene que él no tuvo la intención de abandonar su derecho ya que su ausencia de la finca se debió a motivos de salud en su familia. El único caso que cita, resuelto en Puerto Rico para sostener su contención, es el de *Miró* v. *F. Carrera & Hno.,* 42 D.P.R. 177, en el que se resolvió que:

'' 'Ni la ausencia involuntaria de Miró por un período de *dos meses* a fin de recuperar su salud, ni el arrendamiento de su hogar durante ese tiempo, equivalían a un abandono. *Su intención de regresar fué demostrada suficientemente por el motivo de su mudanza, por la corta duración de su ausencia y por el hecho de haber regresado antes de tener conocimiento real del pleito radicado contra él.* ·(Bastardillas nuestras.)

"Somos de opinión que dicho caso no es aplicable a los hechos probados en el de autos que demuestran que el demandante desde hace más de ocho años, o sea mucho antes de constituir la hipoteca, ya no vivía ni tiene su residencia en la finca y tampoco residía en ella cuando se ejecutó demostrando estos hechos la intención del demandante de abandonar definitivamente dicha residencia. La corte no da crédito a la alegada razón de enfermedad como motivo suficiente para que el demandante haya conservado su derecho a reclamar el hogar seguro después de ocho años.

. . . . . . . . .

"Con lo expuesto sería suficiente para declarar sin lugar la demanda, pero la prueba ha demostrado, además, que el demandante y su esposa hicieron renuncia expresa de su derecho al hogar seguro cuando constituyeron la hipoteca y cuando nada había en la ley vigente que prohibiera dicha renuncia. Sostiene el demandante, sin embargo, que dicha renuncia no es válida porque no se hizo en un documento de traspaso, según exigía el artículo 3 de la ley de 1903 (Cód. Enj. Civ. pág. 306), pero esta cuestión ya fué resuelta por nuestro Tribunal Supremo en el caso de *Pagán* v. *Padín Tirado*, 45 D.P.R. 174, cuando a la página 177 se expresó así:

" 'El hecho de que no se considere válida ninguna renuncia o traspaso a menos que se haga constar expresamente en el documento de traspaso, no quiere decir que no pueda consignarse esta renuncia por escrito, cuando no se trate del otorgamiento de un documento de traspaso. Cuando realmente se esté realizando un acto de trasmisión, la ley requiere una renuncia expresa en el documento donde se consigne dicha trasmisión para que se considere abandonado el derecho de hogar seguro; pero cuando no se trate de un traspaso, si se consigna por escrito expresamente esta renuncia, los propósitos del estatuto han quedado cumplidos y debe acatarse y respetarse lo convenido por las partes.'

"Por las razones expuestas, la corte declara sin lugar la demanda en este caso, con costas, sin que éstas incluyan honorarios de abogado."

Hemos examinado la evidencia y a nuestro juicio sostiene por completo la declaración de hechos probados. En cuanto a la aplicación del derecho, la encontramos correcta.

 Hemos tomado en consideración todo cuanto alega en su impugnación el apelante y concluímos que no destruye las conclusiones de la corte sentenciadora.

Es cierto que todas las presunciones están en favor de la preservación y retención del hogar seguro una vez constituído (29 C. J. 961, párrafo 403) pero lo es también que ocho años de falta de residencia sin explicación satisfactoria, es un período tan largo que parece indicar el abandono del propósito de volver a residir. Además, aunque concluyéramos atendida la interpretación liberal que debe darse a la ley en el sentido del reconocimiento del derecho ya que el espíritu que la informa es el del debido sostenimiento de las familias y por consiguiente de la sociedad en general, que no se demostró el abandono, siempre se sostendría la sentencia porque la renuncia del derecho hecha cuando la ley la autorizaba y en forma propia según la jurisprudencia de este tribunal, es por sí sola suficiente para ello.

*Siendo ése el caso, procede la desestimación solicitada.*

El Juez Asociado Sr. De Jesús no intervino.