NICOLASA RIVERA, demandante y apelada, *v.* HERMENEGILDO VÁZQUEZ, demandado y apelante.

No. 5761.—*Sometido:* Junio 2, 1932.—*Resuelto:* Julio 19, 1933.

504

*Lens & Susoni* y *Francisco Cadilla,* abogados del apelante; *Ulpiano Crespo,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Nicolasa Rivera demandó en divorcio a su esposo alegando que teniendo ambos su hogar en la ciudad de Arecibo su marido la abandonó y se fué a vivir al campo. La sentencia que fué dictada en ese pleito a favor de la demandante se limitó a declarar con lugar el divorcio. Más de un año después de ser dictada y ante otro juez de la corte sentenciadora, la mujer solicitó declarase que a ella corresponde exclusivamente el derecho de hogar seguro (*homestead*) en dos fincas rústicas radicadas en el barrio de Arenalejos del término municipal de Arecibo que fueron adquiridas durante el matrimonio, las que han pasado a ser propiedad de tercera persona en un procedimiento judicial para el cobro de hipotecas. Esa petición fué resuelta a favor de la mujer a fin de que pueda recabar ese derecho de las personas que tratan de embargar o ejecutar dichas fincas a virtud de sentencias recaídas contra ellas. Contra esa resolución fué interpuesta esta apelación por el marido.

Dos motivos alega el apelante en apoyo de su recurso, a saber: que la corte inferior cometió error al con-

ceder a la demandante el derecho que reclama después de haber sido dictada una sentencia firme que no contenía pronunciamiento alguno sobre esa materia; y que también fué error el conceder ese derecho a la apelada sin prueba alguna que permitiese disponer del hogar seguro según la equidad del caso.

Esas son las cuestiones propuestas para ser decididas en esta apelación. Nada se alega con respecto a si teniendo el matrimonio su hogar en la ciudad de Arecibo cuando el marido abandonó a su esposa, existe un derecho de hogar seguro en dos fincas rústicas en donde no vivían los consortes.

En los artículos 541 al 544, ambos inclusive, de la Edición de 1930 del Código Civil se transcriben las disposiciones de la ley de 12 de febrero de 1902 referentes al hogar seguro (*homestead*). Según ellas todo jefe de familia, que tenga familia, tendrá derecho a una finca de hogar seguro hasta el valor de $500, en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y que estuviere ocupado por él o ella como su residencia, derecho que está exento de ejecución. En caso de divorcio, el tribunal que lo concede podrá disponer del hogar seguro según la equidad del caso.

No se deduce de esos preceptos que la declaración judicial de a quién debe concederse el hogar seguro en caso de divorcio tenga que ser hecha necesariamente en la sentencia que lo decrete, sino solamente que ha de concederlo el tribunal que conoció del divorcio, por lo que pudo ser hecha la solicitud de tal concesión después de dictada la sentencia de divorcio y, por tanto, no existe el primer error alegado.

El segundo motivo se argumenta diciendo que el juez que resolvió la moción originaria de este recurso no tuvo ante sí para poder resolver según la equidad del caso la prueba practicada en el asunto del divorcio. Sin embargo, sabía por la demanda, por la sentencia y por la opinión en que ella se fundó que el divorcio fué decretado a favor de

la esposa y que ésta fué abandonada por su marido dos meses antes de nacer el único hijo de ese matrimonio, por lo que no puede sostenerse que no tuvo elementos ante sí para declarar que la equidad del caso en cuanto al hogar seguro estaba a favor de la esposa abandonada.

*La resolución apelada debe ser confirmada.*