HERMENEGILDO MÉNDEZ, demandante y apelante, v. GUILLERMO VALENTÍN, demandado y apelado.

Núm. 7712.—*Sometido:* Noviembre 18, 1938. *Resuelto:* Junio 21, 1939.

*Ildefonso Freyre,* abogado del apelante; *P. Baigés Gómez,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Ambrosio Battle Morella era dueño de una finca rústica en el barrio de Mayagüez Arriba, en Mayagüez, P. R. En 1914 otorgó hipoteca en favor de Hermenegildo Méndez, demandante en este caso, por la suma de $200, y en 1915 otorgó una segunda hipoteca en favor del demandante por $150. Allá para el año 1915 el demandante adquirió una finca

de ocho cuerdas y media de Ambrosio Battle en pago de las hipotecas, propiedad que figura inscrita a nombre del demandante en el Registro de la Propiedad de Mayagüez.

En 1911 ó 1912, antes del otorgamiento de las hipotecas, cuando Ambrosio Battle era aún dueño de la finca en cuestión, él permitió que Guillermo Valentín tomara posesión de una pequeña parcela de terreno o de lo contrario se la donó a dicho Guillermo Valentín. El terreno de que Valentín tomó posesión medía como 354 metros. Poco después Guillermo Valentín construyó una casa sobre dicha propiedad, cercó el terreno y alegó poseer el mismo en calidad de dueño. No se redactó documento público alguno y en el registro de la propiedad no figura ninguna inscripción. Ni en la primera ni en la segunda escritura de hipoteca se menciona la donación de Battle a Valentín.

Hermenegildo Méndez instó demanda de desahucio en precario contra Guillermo Valentín. Méndez alega no tener derecho o título alguno a la casa y aún le ofreció a Valentín $10 por ella, cosa que Valentín con alguna vacilación admite como cierta. Igualmente aparece de los autos que cuando Hermenegildo Méndez adquirió la finca por compra a Ambrosio Battle él sabía que el demandado Guillermo Valentín vivía en la finca.

La corte inferior resolvió que el demandado tenía una reclamación de hogar seguro en la casa de la cual trataba de lanzarle el demandante y que en su consecuencia existía un conflicto de títulos que no podía resolverse en un recurso de desahucio en precario. Convenimos enteramente con el apelante en que la mera alegación de la existencia de un derecho de hogar seguro no hace surgir un conflicto de títulos. La ley es enteramente clara al efecto de que para que haya una donación de cosa inmueble es necesario la existencia de una escritura pública. El hecho de que Guillermo Valentín residiera en la finca no dió aviso alguno al demandante de que el demandado tenía algún derecho o título a la misma. Además, la corte inferior resolvió que el demandante era

dueño del terreno, más no obstante creyó que existía un con-. flicto de títulos a virtud de la reclamación de hogar seguro. La corte resuelve que no puede hacerse una donación verbalmente y que es necesario que exista un título escrito.

 Debe notarse especialmente que el demandante en este caso no alega tener derecho alguno a la casa y que admite que el demandado puede llevársela cuando le plazca. Sin embargo, lo que el demandante desea es la posesión del terreno que adquirió por escritura otorgádale por el anterior dueño.

El presente es un caso en que se admite el título de la casa y el derecho del demandado a llevársela. No surgió conflicto de título alguno, toda vez que el demandante no alega tener derecho alguno a la casa. No conocemos ningún caso en que surja un derecho de hogar seguro sobre una casa por sí sola, y de sostener algo, eso fué legalmente cuanto el demandado alegó. Méndez tenía derecho a suponer que adquiría tierras en las cuales podía haber inquilinos. Empero, el mero inquilinato no crea un derecho de hogar seguro, y de un examen del registro se desprendía que no existía título alguno en favor del demandado. Éste, es cierto, basó su reclamación en que vivía en la finca desde hacía 25 años, pero los actos meramente tolerados no hacen surgir un título. Para la posesión adquisitiva la alegación debe basarse en un justo título. La ley de desahucio debe prevalecer y el demandado ser lanzado de la finca de conformidad con la misma.

*La sentencia apelada debe ser revocada.*

El Juez Presidente Sr. Del Toro no intervino.

El Juez Asociado Sr. Hutchison disintió. *