PORFIRIO PAGÁN, demandante y apelante, *v.* MANUEL FERNANDO, MARÍA PETRA, JULIO CÉSAR y JULIA JOSEFA QUIÑONES Y MARCIAL, demandados y apelados.

Núm. 8083.—*Sometido:* Enero 15, 1940. *Resuelto:* Enero 25, 1940.

*Pedro Santana, Jr.*, abogado del Departamento del .Trabajo, en representación del apelante; *Jorge Díaz Cruz*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

En la Corte de Distrito de Ponce el apelante instituyó esta acción en reclamación de un alegado derecho de *homestead*. Los demandados excepcionaron la demanda por insuficiencia de hechos y a la vez la contestaron controvirtiendo sus alegaciones esenciales. Al llamarse a la vista del juicio oral, las partes estipularon con la aprobación de la corte someter la cuestión de falta de jurisdicción por no haberse cancelado por el demandante los sellos correspondientes de rentas internas, y estipularon también someter la excepción previa de falta de causa de acción. Oídas las partes por los alegatos escritos que presentaron, con fecha 6 de septiembre último la corte inferior dictó sentencia ·desestimando la demanda por falta de jurisdicción sobre la materia.

Apeló el demandante y los demandados solicitan ahora se desestime el recurso por frívolo.

Se alega en la demanda que el demandante es mayor de edad, jefe de familia y vecino de Yauco; que los demandados son dueños en común proindiviso de una finca rústica que se describe, radicada en el término municipal de Guánica; que de dicha. finca los demandados arrendaron al demandante un solar de 250 pies cuadrados por el canon de $1.50 mensuales para que el demandante construyera sobre el mismo su casa de vivienda; que construyó dicha casa que ha venido ocupando con su familia desde el mes de abril de 1938; que en el mes de febrero de 1939 los aquí demandados demandaron al ahora demandante en desahucio por falta de pago, habiendo recaído sentencia firme declarando con lugar

la demanda; que la casa en cuestión constituye su hogar seguro y que los demandados lo amenazaron con obtener y hacer ejecutar una orden de lanzamiento, sin pagarle previamente la cantidad de $500, valor del hogar seguro. Termina la demanda con súplica de una sentencia que ordene a los demandados a reconocer a favor del demandante un derecho de *homestead* sobre la casa en cuestión o que se le satisfaga la cantidad de $500, con los demás pronunciamientos del caso, y mientras tanto se le permita permanecer en la finca a virtud de dicho derecho de *homestead*.

El demandante apelante basa su contención en haberse omitido de la sección primera de la Ley de *Homestead* de 1936 (Ley núm. 87, pág. 461), un "disponiéndose" que aparecía en la sección primera de la Ley de *Homestead* de 1903 (Comp. 1911, sec. 1000), la cual literalmente dice:

"Todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead,* hasta el valor de quinientos *dollars* ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia; y dicho *homestead* y todo derecho o título sobre el mismo estará exento de embargo, sentencia, exacción o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece; *Disponiéndose,* que en caso de arrendamiento u otro contrato análogo nada de lo contenido en esta ley se interpretará en el sentido de que se prohiba al dueño o propietario de dicha estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, entrar de nuevo en posesión de dicha propiedad de acuerdo con lo estipulado en dicho contrato de arrendamiento o convenio, al faltarse al cumplimiento de las condiciones del mismo."

Como la sección transcrita permitía la constitución del hogar seguro sobre "una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, *en virtud de arrendamiento* o en otra forma,*"* el *disponiéndose* en cuestión tenía por

objeto aclarar que contra el arrendador o dueño del terreno, plantación, etc., el arrendatario no podía alegar el derecho de *homestead*, pudiendo el arrendador "entrar de nuevo en posesión de dicha propiedad de acuerdo con lo estipulado en dicho contrato de arrendamiento o convenio, al faltarse al cumplimiento de las condiciones del mismo." De ese modo armonizó el legislador la Ley de *Homestead* de 1903 con el artículo 1451 del Código Civil (ed. 1930), que establece como una de las obligaciones del arrendatario, devolver la propiedad al concluir el arrendamiento tal como la recibió, salvo lo que hubiese perecido o se hubiera menoscabado por el tiempo o por causa inevitable.

La sección primera de la Ley (núm. 86) de 1936 (Leyes de 1936, (1) pág. 461) que regía al tiempo de celebrarse el contrato de arrendamiento y también en la fecha en que alega el apelante haber constituído su hogar seguro, dice así:

"Sección 1.—Toda persona que sea jefe de familia tendrá derecho a poseer y disfrutar, en concepto de hogar seguro (*homestead*) una finca cuyo valor no exceda de quinientos (500) dólares consistente en un predio de terreno y los edificios enclavados en el mismo, de cualquier estancia, plantación o predio de terreno, que le pertenezca o posea legalmente, y estuviere ocupada por ella o por su familia como su residencia. Este derecho de *homestead* es irrenunciable; y cualquier pacto en contrario se declara nulo."

El precepto legal últimamente transcrito ninguna referencia contiene a la posibilidad de constituir un derecho de *homestead* sobre una estancia o terreno poseído a virtud de arrendamiento. Por consiguiente, el *disponiéndose* de la ley anterior resulta superfluo e inútil en la actual, y su omisión por el legislador en manera alguna puede afectar el alcance e interpretación de la vigente ley. La relación jurídica entre demandante y demandados está regulada por las estipulaciones del contrato, que tiene fuerza de ley entre las partes, y en lo no provisto, por los preceptos del Código Civil que regulan el contrato de arrendamiento. Habiendo terminado el contrato a virtud de sentencia firme de desahucio, el artículo

1451 del Código Civil, supra, obliga al apelante arrendatario a devolver a los arrendadores el solar arrendado en la forma en que lo recibió.

Es igualmente manifiesta la falta de jurisdicción de la corte sentenciadora para conocer de este caso. Siendo $500 el valor que la ley asigna al derecho de *homestead,* la jurisdicción del pleito para reclamarlo compete a las cortes municipales. Véanse, entre otros, los casos de *Arroyo Rivera* v. *Corte,* 38 D.P.R. 10, 12; *Ducheny* v. *Corte,* 38 D.P.R. 14; *Petterson* v. *Contreras,* 42 D.P.R. 492, y *González* v. *Corte Municipal,* 54 D.P.R. 18, 936, citados en el alegato de los apelados. Es por vía de excepción y como un incidente del pleito principal que las cortes de distrito tienen jurisdicción para conocer de reclamaciones de *homestead,* y además en aquellos casos que taxativamente enumera la ley, a saber: cuando la reclamación se hace en la forma prevista en la sección 5 de la vigente Ley de *Homestead* en relación con una venta por virtud de sentencia o ejecución de una finca rústica o urbana decretada por una corte de distrito, y en los casos de divorcio en que exista un derecho de *homestead.* Sección 3 de la Ley de *Homestead* de 1936.

*Por las razones expuestas, procede desestimar el recurso por frívolo.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Hutchison están conformes con el resultado.[*]