CIRIACA AGUSTINA CRISTY, demandante y apelante, *v.* JORGE MALAVÉ, demandado y apelado.

Núm. 9999.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 17, 1949.

*José Sabater,* abogado de la apelante; *Andrés Ruiz, Jr.,* abogado del apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Ciriaca Agustina Cristy radicó en la corte de distrito un recurso de sentencia declaratoria contra Jorge Malavé. Alegaba que había demandado a Malavé en otro procedimiento ante la corte municipal en cobro de $231.25 adeudados por él a ella en calidad de canon de un solar que Malavé le tenía arrendado y sobre el cual éste había construído una casa; que Ciriaca obtuvo sentencia en rebeldía contra Malavé por esta cantidad; que cuando la sentencia se convirtió en firme, ella embargó la casa en cobro de la misma; que el día de la subasta pública Malavé radicó una declaración jurada ante el Márshal reclamando el hogar seguro sobre la casa; que Ciriaca se negó a depositar los $500 para responder del derecho de hogar seguro, alegando que ella no consideraba que la casa tuviera un valor mayor que el derecho de hogar seguro más la cantidad adeudada y que de cualquier modo el demandado no tenía dicho derecho toda vez que la casa envuelta fué construída en solar ajeno; que en su consecuencia la subasta fué suspendida; y que Ciriaca no ha podido cobrar su sentencia.

Ciriaca solicitó sentencia declarando que Malavé no tiene derecho de hogar seguro en la casa por radicar ésta en un solar arrendado. La corte de distrito dictó sentencia sobre las alegaciones declarando que bajo las circunstancias envueltas Malavé tiene un derecho de hogar seguro sobre la casa, a tenor con la Ley núm. 87, Leyes de Puerto Rico, 1936 ((1) pág. 461). Contra dicha sentencia Ciriaca ha apelado.

El demandado alegó en su contestación que no procedía el recurso de sentencia declaratoria toda vez que el caso estaba pendiente ante la corte municipal, y la cuestión

suscitada por la demandante debía decidirse dentro del mismo caso. Si el derecho de hogar seguro hubiera sido cuestión presentada ante la corte municipal, convendríamos con esta contención. Esto es así porque de ordinario el que un caso esté pendiente ante otra corte entre las mismas partes, es motivo para denegar una solicitud de sentencia declaratoria en cuanto a las mismas cuestiones. *American Automobile Ins. Co.* v. *Freundt,* 103 F.2d 613 (CCA 7, 1939); Borchard, *Declaratory Judgments,* 2da. ed., págs. 656–7, 817; Anderson, *Declaratory Judgments,* págs. 152, 527–28. Pero la cuestión sobre el hogar seguro nunca estuvo ante la corte municipal en el pleito en cobro de dinero. Fuera del presente recurso de sentencia declaratoria, esa cuestión podía resolverse bajo las circunstancias de este caso solamente de conformidad con la sección 5 de la Ley núm. 87, que exige que sea la corte de distrito la que actúe.([1])   Y hasta donde sabemos, no se radicó tal procedimiento ante dicha corte. Por consiguiente, la corte inferior no erró al entrar a considerar la solicitud de

([1])La sección 5 prescribe en parte como sigue:

"No se hará venta alguna por virtud de sentencia o ejecución de ninguna finca urbana o rústica cuando se reclamare u ocupare la misma como hogar seguro (*homestead*), inscrita o no en el registro de la propiedad, a menos que se obtenga por ella una suma mayor de quinientos (500) dólares.

"Tal reclamación se hará por medio de declaración jurada haciéndose constar la buena fe de la misma, que se entregará al oficial encargado de llevar a cabo la venta.

"En caso de que la finca, urbana o rústica, se vendiere por más de quinientos (500) dólares el excedente sobre dicha suma se pagará al acreedor y la suma de quinientos (500) dólares será depositada inmediatamente por el oficial que llevó a cabo la venta en la secretaría de la corte de distrito de su respectivo distrito judicial para que dicho tribunal decida entonces sobre la legitimidad de la reclamación. Esta suma estará libre de todo embargo o ejecución, salvo los casos dispuestos en la sección 2.

"Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el Código de Enjuiciamiento Civil, la que deberá radicarse en la mencionada corte de distrito dentro del término de treinta (30) días a contar desde la fecha en que se hizo la venta; y presentada aquélla se mandará convocar al actor y al demandado para una comparecencia que deberá celebrarse dentro de los quince (15) días siguientes al en que se presente la demanda. Al emplazarse al demandado se le apercibirá de que no compareciendo se dictará sentencia en rebeldía sin más citarle ni oírle."

sentencia declaratoria. De conformidad con la Ley núm. 47, Leyes de Puerto Rico, 1931 (pág. 379), y la Regla 57 de las de Enjuiciamiento Civil, la mera existencia de otro remedio adecuado, en contraposición al hecho de haberlo ejercitado previamente, no impide una sentencia declaratoria en casos apropiados.

En los méritos, la sentencia de la corte de distrito es claramente errónea. Hemos resuelto que bajo la sección 1 de la Ley núm. 87 no existe derecho de hogar seguro en una casa construída en solar arrendado. *Pagán* v. *Quiñones,* 55 D.P.R. 950.([2])

*La sentencia de la corte de distrito será revocada y se dictará nueva sentencia declarando que Malavé no tiene derecho de hogar seguro sobre la casa aquí envuelta.*

([2])La Ley núm. 87 fué enmendada por la Ley núm. 4, Leyes de Puerto Rico, 1939 ((1) pág. 295), pero la enmienda fué sobre una cuestión que no es pertinente aquí.