MANUELA QUIÑONES, demandante y apelante, *v.* MÓNICO REYES, demandado y apelante.

Núm. 10363.—*Sometido:* Marzo 1, 1951. *Resuelto:* Marzo 20, 1951.

*G. Cruzado Silva,* abogado del apelante; *Quirós Méndez & Quirós Méndez,* abogados de la apelada.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Roto y disuelto por sentencia firme dictada en pleito de divorcio el vínculo matrimonial que le unía a Mónico Reyes Rosario, Manuela Quiñones, cónyuge inocente, radicó ante el Tribunal de Distrito de San Juan una moción solicitando que en armonía con lo provisto por la sección 3 de la Ley núm. 87 de 13 de mayo de 1936 (pág. 461) se dispusiera que ella disfruta del derecho de hogar seguro en una casa de madera y concreto adquirida por ellos antes de casarse y en la cual ella había vivido siempre. Se opuso el demandado, negó que la propiedad fuera obtenida con dinero de ambos cónyuges antes de casarse, alegó que la misma fué habida por él con dinero de su exclusivo peculio y sostuvo que el derecho reclamado sólo podía decretarse sobre bienes de la sociedad de gananciales. El tribunal inferior, luego de oír a las partes, dictó una resolución razonada decretando la existencia del derecho de hogar seguro a favor de Manuela Quiñones sobre aquella parte de la propiedad a que se hacía mención en la resolución, mientras ella ocupara la misma como su hogar y el de sus hijos y hasta la mayoridad del menor de los cuatro hijos habidos por ellos, sin perjuicio de los derechos del demandado. Éste apeló e imputa como error al tribunal a quo el haber decretado el derecho de hogar seguro a favor de la demandante sobre una casa propiedad privativa de·él.

■ La Ley 87, supra, dispone en su sección primera, según ésta fué enmendada por la Ley núm. 15 de 31 de diciembre de 1946 (Ses. Ext., pág. 121), que:

"Toda persona que sea jefe de familia tendrá derecho a poseer y disfrutar, en concepto de hogar seguro (*homestead*), una finca cuyo valor no exceda de quinientos (500) dólares consistente en un predio de terreno y los edificios enclavados en el mismo, de cualquier estancia, plantación o predio de terreno,

que le pertenezca o posea legalmente, y estuviere ocupado por ella o por su familia como su residencia. . . . ."

La sección 2 de la misma ley dispone que "Dicho hogar seguro . . . . . estará exento de embargo," etc. Y la sección 3 que:

"La exención establecida en la sección anterior continuará subsistente después de la muerte del jefe de familia a beneficio del cónyuge supérstite. . . . . En caso de que el marido o la mujer abandonase su familia la exención continuará a favor del cónyuge que ocupe la finca como residencia; *y en caso de divorcio el tribunal que lo conceda deberá disponer del hogar seguro según la equidad del caso.*" (Bastardillas nuestras.)

Es obvio que a tenor de lo antes expuesto la mujer divorciada puede disfrutar en determinados casos del derecho de hogar seguro. Así lo hemos resuelto repetidamente. *Irizarry* v. *García*, 58 D.P.R. 280; *Carrillo* v. *Santiago*, 51 D.P.R. 545. La concesión de ese derecho puede hacerse después de dictada la sentencia de divorcio. *Rivera* v. *Vázquez*, 45 D.P.R. 503. Empero, ¿tiene derecho la mujer divorciada en este caso a disfrutar en unión de los hijos habidos con el demandado del derecho de hogar seguro sobre la propiedad que describe en su moción? Ésa es la cuestión medular a ser decidida en este recurso.

De los autos se desprende que allá para el año 1936 la demandante y el demandado empezaron a vivir en concubinato; que en 5 de marzo de 1943 el demandado Mónico Reyes Rosario, siendo aún soltero, adquirió por escritura pública otorgada ante notario dos casas de madera situadas en la calle Marina de Santurce, sobre una de las cuales la demandante reclama ahora el derecho de hogar seguro; (1) que contrajeron matrimonio en el año 1947; que la demandante y sus hijos siempre vivieron la casa en cues-

---

(1) Aunque la descripción que de la casa aparece en la moción de la demandante no es idéntica a la que de esa propiedad figura en la escritura, el demandado admite que se trata de la casa descrita en dicho documento bajo la letra B.

tión, haciéndolo el demandado tan sólo hasta el año 1949 en que se divorciaron.

La sociedad de gananciales es una entidad distinta y separada de las personas que la constituyen. *Robles* v. *Guzmán*, 67 D.P.R. 718. Si la propiedad sobre la cual se reclama el hogar seguro fué adquirida por el demandado siendo soltero, la misma prima facie le pertenece privativamente. Artículo 1299 del Código Civil, ed. 1930. [2] El hecho de que con posterioridad a esa adquisición la demandante y el demandado contrajeran matrimonio no convirtió la propiedad en una de la sociedad conyugal. No siendo la sociedad de gananciales dueña del inmueble sobre el cual se reclama el derecho de hogar seguro, la sociedad ocupaba la misma no en carácter de dueña, sino meramente como usufructuaria. [3]

■■ Aunque marido y mujer son individualmente personas separadas y distintas de la sociedad misma, ambos conjuntamente constituyen la sociedad en sí. De ahí que cuando tienen establecida su residencia en una propiedad perteneciente a la sociedad conyugal, como la viven en concepto de dueños al decretarse la ruptura del matrimonio la ley permite que uno de ellos continúe disfrutando el derecho de hogar seguro sobre la propiedad. A los fines de determinar ese derecho, la posesión que la sociedad de gananciales en este caso tenía era similar a la de cualquier arrendatario. Y ya hemos resuelto que no puede constituirse tal derecho sobre una propiedad poseída en virtud de inquilinato o arrendamiento. *Méndez* v. *Valentín*, 55 D.P.R. 151, 153; *Pagán* v. *Quiñones*, 55 D.P.R. 950, 953. La moción era, por tanto, improcedente.

---

[2] El artículo 1299 dispone que: "Son bienes propios de cada uno de los cónyuges: 1. Los que aporte al matrimonio como de su pertenencia. . . . ."

[3] El artículo 1301 del Código Civil, ed. 1930, provee que "Son bienes gananciales: . . . 3. Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges."

■ Por otra parte, el *homestead* creado por la Ley de 1936 no trasmite propiedad alguna ni dispone del título existente. *Carrillo* v. *Santiago*, supra; *Federal Land Bank* v. *Corte Mpal*, 47 D.P.R. 942, 944; *Manescau* v. *Usera, Juez Municipal*, 46 D.P.R. 136, 143. Al solicitar la demandante que se concediera en favor de ella y de sus hijos el derecho de hogar seguro sobre una propiedad que por ley pertenecía, prima facie, privativamente al que fué su esposo, lo que ella pretendía era que se creara un nuevo título de dominio o equitativo en la propiedad. Eso no procede.

*Debe revocarse la resolución apelada y declararse sin lugar la moción de la demandante.*