JACINTO ALFONSO GARCÍA, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado; CÁMARA INSULAR DE COMERCIANTES MAYORISTAS, interventora.

*Número:* C-63-5      *Resuelto:* 1ro. de octubre de 1963

*A. Cadilla Ginorio,* y *Roberto Martínez Rodríguez,* abogados del peticionario; *Rodríguez Ema & Rodríguez Ramón, R. Sequeira,* y *Nicolás Jiménez,* abogados de la interventora.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

La interventora Cámara Insular de Comerciantes Mayoristas radicó acción contra el peticionario Jacinto Alfonso García en cobro de la suma de $9,864.33, obtuvo sentencia en rebeldía, y en ejecución de la sentencia obtenida, embargó una vivienda del peticionario construida por éste en solar ajeno con permiso del dueño del suelo. En el acto de la subasta de la edificación, el peticionario compareció mediante moción y declaración

jurada dirigida al alguacil del tribunal de instancia reclamando el derecho de hogar seguro sobre la propiedad. La interventora depositó con el alguacil la suma de $1,500 importe del derecho así reclamado. La propiedad fue adjudicada a la interventora por la suma de $1,000. Posteriormente el peticionario radicó la correspondiente moción alegando los hechos que sirven de base a su petición al efecto que se declare que él tenía establecido su hogar seguro en la vivienda en cuestión y que se ordenase al alguacil o al secretario a entregarle los $1,500 depositados en corte por la interventora. La interventora interpuso oposición a la referida moción fundamentándola únicamente en que por radicar la casa en solar ajeno, no existía derecho de hogar seguro a favor de su dueño.

El tribunal de instancia, basándose en lo resuelto en *Méndez* v. *Valentín*, 55 D.P.R. 151 (1939) y *Cristy* v. *Malavé*, 70 D.P.R. 524 (1949), concluyó que el peticionario no podía alegar el derecho de hogar seguro contra el dueño del terreno en donde construyó su vivienda, y que, por las mismas razones, tampoco puede oponer un derecho que no tiene contra la interventora que es su acreedora embargante.

No conforme, recurrió el peticionario ante nos apuntando que el tribunal de instancia incurrió en error al sostener que el peticionario no tiene hogar seguro en la referida vivienda y que tal resolución es contraria a la ley y a los hechos alegados y admitidos.

La ley que provee el derecho de hogar seguro—Ley Núm. 87 de mayo 13 de 1936, según enmendada en febrero 11, 1955, dispone en lo pertinente a este caso, lo siguiente:

"Toda persona que sea jefe de familia tendrá derecho de poseer y disfrutar, en concepto de hogar seguro, una finca cuyo valor no exceda de mil quinientos (1,500) dólares, consistente en un predio de terreno y los edificios enclavados en el mismo, de cualquier estancia, plantación o predio de terreno, que le pertenezca o posea legalmente, . . ." 31 L.P.R.A. sec. 1851.

"Dicho hogar seguro y todo derecho o título sobre el mismo estará exento de embargo, sentencia, exacción o ejecución; excep-

ción hecha de lo que se adeudare por concepto de su adquisición o compra, o de las responsabilidades incurridas por razón de mejoras que se hicieren en el mismo." 31 L.P.R.A. sec. 1852.

"No se hará ninguna venta por virtud de sentencia o ejecución de una finca urbana o rústica cuando se reclamare u ocupare la misma como hogar seguro, inscrita o no inscrita en el registro de la propiedad, a menos que se obtenga por ella una suma mayor de mil quinientos (1,500) dólares." 31 L.P.R.A. sec. 1855.

Una lectura de los preceptos anteriores revela que el derecho de hogar seguro puede establecerse sobre una vivienda siempre y cuando que el predio de terreno donde radica *se posea legalmente*. ¿Qué se entiende por la frase "posea legalmente"? ¿Quiere decir, como alega la interventora, posesión civil, según éste se define por el Código Civil (31 L.P.R.A. sec. 1421), excluyendo por consiguiente el estado de posesión natural como en el caso de los arrendamientos, el usufructo, la ocupación en precario o por licencia o tolerancia, de manera que sólo el que construya una casa en terreno propio o del cual tenga la atenencia con la intención de hacerla suya puede gozar del derecho de hogar seguro sobre dicha casa? En apoyo de su restrictiva contención arguye la interventora (a) que de acuerdo al Código Civil los actos meramente tolerados no afectan la posesión ni la aprovechan los ejecutados en virtud de licencia o mera tolerancia—31 L.P.R.A. secs. 1447 y 5263— y (b) si en *Cristy* v. *Malavé*, supra, y *Pagán* v. *Quiñones*, 55 D.P.R. 950 (1940), denegamos el derecho de hogar seguro al constructor de una casa en terreno arrendado, en éste en que se trata de una persona que ocupa un terreno por virtud de licencia de su dueño con mayor razón debe denegarse tal derecho, pues en ninguno de éstos gozaba el dueño de la casa de la posesión civil del terreno y por lo tanto no estaba en la *posesión legal* del mismo.

No hay duda que el que construye su vivienda en terreno de otro con su permiso como en el caso que nos ocupa, nunca puede alegar derecho de hogar seguro contra el dueño del suelo. Al revocarse la licencia o permiso para ocupar el

terreno con la casa, el dueño del terreno tiene el derecho de accesión, y en tal virtud puede ejercer su opción de hacer suya la mejora mediante el reembolso del importe de los materiales invertidos en la obra así como el monto de la mano de obra. *Ramos* v. *Pueblo*, 70 D.P.R. 619 (1949), *Rivera* v. *Santiago*, 56 D.P.R. 381 (1940), o de obligar al dueño de la casa a pagarle el precio del terreno.

En *Pagán*, supra, denegamos el derecho de hogar seguro invocado por el constructor de casa en suelo arrendado contra el arrendador que ya había obtenido sentencia firme de desahucio contra dicho constructor por falta de pago de los cánones de arrendamiento del terreno. Dijimos en este caso que "habiendo terminado el contrato a virtud de sentencia firme de desahucio, el artículo 1451 del Código Civil . . . obliga al apelante arrendatario a devolver a los arrendadores el solar arrendado en la forma en que lo recibió." *Cristy*, supra, meramente reafirma la doctrina de *Pagán*, de que no existe derecho de hogar seguro en una casa construida en solar arrendado *contra el dueño del solar*.

Pero el hecho de que en tal caso no se reconozca el derecho de hogar seguro contra el dueño del terreno no quiere decir que necesariamente tampoco pueda invocarse contra un tercero que es un acreedor embargante del dueño de la casa. Bajo la anterior ley de hogar seguro, dijimos en *Miró* v. *F. Carrera & Hno.*, 42 D.P.R. 177 (1931), que podía invocarse el derecho de hogar seguro por el constructor de casa en solar arrendado contra un acreedor que pretendía embargarle la vivienda. Si bien es verdad que al modificarse la ley en cuestión en 1936, se omitió en su redacción la frase "en virtud de arrendamiento o en otra forma", no es menos cierto que a los efectos de un acreedor embargante del dueño de la casa, éste ocupa legalmente el terreno, bien por arrendamiento como en *Miró*, supra, o por licencia o permiso vigente como el que venimos considerando y tal ocupación necesariamente cabe dentro de la *posesión legal* que contempla el estatuto en cuestión, y

dentro de la interpretación liberal que debemos dar al mismo. *García* v. *Pérez*, 46 D.P.R. 31 (1934). Por lo tanto concluimos que en casos como éste, comprobado el cumplimiento de los demás requisitos para sostener el derecho de hogar seguro, puede invocarse ese derecho contra el acreedor embargante del dueño de casa que la construyó en solar ajeno con permiso o licencia de dueño de dicho solar.

*Se revocará la resolución de 26 de diciembre de 1962 del tribunal de instancia y en su lugar se ordenará la entrega al peticionario de los $1,500 depositados en dicho tribunal por la interventora.*